IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30101
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICO D. LEWIS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 95-CR-50048-001
- - - - - - - - - -
July 19, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Rico D. Lewis appeals his sentence for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He argues that the district court failed to give adequate reasons to support its upward departure from the Sentencing Guidelines and failed to consider intermediate offense levels.

Lewis' 18 criminal history points gave him 5 points more than the minimum required to be placed in criminal history category VI. See U.S.S.G. Ch. 5, Pt. A, sentencing table. The

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

inadequacy of a defendant's criminal history category is an acceptable basis for an upward departure. See United States v. Laury, 985 F.2d 1293, 1310 (5th Cir. 1993)(defendant's 20 criminal history points well above the 13 required to place him in criminal history category VI). The district court relied on the inadequacy of Lewis' criminal history score and his history of repeated acts of similar criminal activity, not on his educational training or job history, in deciding to depart. The district court's reason for departing upwardly was not clearly erroneous.

The district court properly calculated Lewis' offense level by using the criminal history category points in excess of the 13 required to reach criminal history catagory IV to increase his offense level incrementally. See United States v. Rosogie, 21 F.3d 632, 634-35 (5th Cir. 1994).

Lewis also argues that the district court erred in awarding a one-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A). Any error as to the district court's determination that all three firearms located in the car constituted relevant conduct and are attributable to Lewis is harmless. See Williams v. United States, 503 U.S. 193, 203 (1992); United States v. Cabral-Castilo, 35 F.3d 182, 188 (5th Cir. 1994), cert. denied, 115 S. Ct. 1157 (1995).

AFFIRMED.